## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK GARRETT, individually and on behalf of all others similarly situated, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | Civil Action No. 17-cv-00087 |
| DAVID M. BLASKOVICH, P.C., DAVID M. BLASKOVICH, and MEDICAL BUSINESS BUREAU, LLC, | ) ) ) ) | |
| DEFENDANTS. | ) | Jury Demanded |

## COMPLAINT

Plaintiff Derrick Garrett, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

### STANDING

3.      Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4.      Specifically, Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide truthful information in connection with attempt to collect an alleged debt. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can

create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## **PARTIES**

5. Plaintiff, Derrick Garrett ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Medical Business Bureau/Swedish Covenant medical debt. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant David M. Blaskovich, P.C., is a Law Firm with its principal place of business at 2850 45th Street, Highland, Indiana, 46322. The firm is not registered with the State of Illinois to conduct business in Illinois, nor is it registered to conduct business in its home state of Indiana.

7. Defendant, David M. Blaskovich, is an attorney licensed to practice law in the state of Illinois, with a registered business address of 2850 45th Street Suite A, Highland, Indiana, 46322-2905. He is not registered with the State of Illinois to conduct business in Illinois.

8. Defendants David M. Blaskovich, P.C. and David M. Blaskovich (collectively, "Blaskovich") are engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Blaskovich regularly collects or attempts to collect defaulted consumer debts.

10. Thus, Blaskovich is a "debt collector" as that term is defined at § 1692a(6) of the FDCPA.

11. Defendant Medical Business Bureau, LLC ("MBB") is an Illinois limited liability company that acts as a debt collector, as defined at §1692a(6) of the FDCPA, because it regularly

uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.

12.    MBB operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

13.    MBB operates in Illinois, and maintains a registered agent here, Eric Dennis Mock located at 1460 Renaissance Drive, Suite 400, Park Ridge, IL 60068. (Exhibit A, Record from Illinois Secretary of State).

14.    MBB is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

15.    In fact, MBB acts as a debt collection agency in Illinois.

## **FACTUAL ALLEGATIONS**

16.    Plaintiff allegedly incurred a debt for primarily personal purposes, namely, a medical debt.

17.    The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

18.    Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

19.    The debt was subsequently purchased by, or assigned to MBB, which then retained Blaskovich to collect the alleged debt.

20.    On or about January 5, 2016, Blaskovich sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

21.    The Letter conveyed various information regarding the alleged debt, including an account number, a total amount due, and the identity of the debt collector.

22.     Thus, the Letter was a "communication" as that term is defined at § 1692a(2) of the FDCPA.

23.     The Letter was Blaskovitch's initial communication with Plaintiff.

24.     The Letter states as its subject:

> **RE:    Medical Business Bureau/Swedish Covenant Hospital**
>                 **Account No.: 116322**

(Ex. C, Letter)

25.     The Letter states that "[t]he above referenced matter has been referred to this law firm to collect…". (*Id*.)

26.     The letter references two companies in the subject line, Medical Business Bureau and Swedish Covenant Hospital, and does not distinguish between the two or indicate which one (if either) is the current creditor.

27.     The Letter indicates a third company as the sender of the Letter, stating further that Plaintiff should pay the alleged debt to Blaskovich.

28.     The Letter does not identify which company, of the three companies listed in the letter, is the current creditor to whom the debt is owed.

29.     The Letter includes a second page, which states that "The Creditor as named in the attached letter/document is the Creditor to whom the debt is owed."

30.     However, none of the companies are listed as a "Creditor" in the Letter.

31.     A simple statement that one of the companies was the "current creditor," or that the debt was owed to such party, would have sufficed to identify effectively the name of the creditor to whom the debt was then owed.

32.     Plaintiff was confused, and an unsophisticated consumer would be confused, as to whom the debt was allegedly owed.

33.     15 U.S.C. § 1692g of the FDCPA provides as follows:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**. . . (2) the name of the creditor to whom the debt is owed. . . .**

34.     Defendants have failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2). *See Braatz v. Leading Edge Recovery Solutions, LLC, et al.,* 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); *Walls v. United Collection Bureau, Inc., et al.,* 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

35.     The letter further states that the amount due includes "accrued interest of $51.17."

36.     Plaintiff never signed any contract permitting interest to be charged on the alleged debt.

37.     Thus, Defendants had no contractual right to collect interest.

38.     Further, Blaskovich had not previously informed Plaintiff of its intention to charge statutory interest pursuant to the Illinois Interest Act, Ill. Comp. Stat. 205/2.

39.     The Illinois Interest Act states in relevant part:

**In the absence of an agreement between the creditor and debtor governing interest charges, <u>upon 30 days' written notice</u> to the debtor, an assignee or agent of the creditor may charge and collect interest as provided in this Section on behalf of a creditor.**

(Ill. Comp. Stat. 205/2) (emphasis added)

40.     Thus, Defendant did not have a right to collect $51.17 in statutory interest as of the date of the Letter.

41.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

**(A) the character, amount, or legal status of any debt. . .**

42.     Defendants falsely represented the amount and character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they communicated a balance that included unlawful interest.

43.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

44.     Defendants used unfair and unconscionable means to attempt to collect an alleged debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when they attempted to collect interest they had neither a contractual or statutory right.

45.     The Letter further stated that also due were "attorney fees of $0.00, as of the date of this letter." (Ex. C, Letter).

46.     Plaintiff thought, and the unsophisticated consumer would think, that attorney fees were going to accrue on the alleged debt as the debt had now "been referred to this law firm to collect."

47.     In fact, Defendants had no right to collect attorney fees from Plaintiff.

48.    15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

**(A) the character, amount, or legal status of any debt. . .**

49.    Defendants misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they communicated that Plaintiff could accrue attorney fees on an alleged debt, when no such attorney fees were authorized.

50.    The Letter goes on to provide certain disclosures to Plaintiff, as required under 15 U.S.C. § 1692g(a), including that "[i]f you notify this office <u>in writing</u> within 30 days from receiving this notice, this office will: obtain verification of the debt..." (Ex. C, Letter) (emphasis added).

51.    Defendants' statement is an accurate disclosure of Plaintiff's rights under the FDCPA.

52.    However, Blaskovich, on the second page of the letter, purportedly (again) lists Plaintiff's rights with respect to disputing the debt provided by the FDCPA.

53.    This time, Blaskovich states "If the debtor notifies the Creditor's law firm within thirty (30) days after receipt of this Notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain verification of the debt…" (Ex. C, Letter).

54.    In its second disclosure pursuant to the FDCPA, Defendant fails to inform Plaintiff that the dispute must be in writing to invoke the requirement that Defendant send verification of the debt.

55. Plaintiff was, and the unsophisticated consumer would be, confused as to whether his dispute must be in writing to force Defendant to verify the debt, or not, as Defendants provided two conflicting notices.

56. In fact, a dispute must be in writing to invoke the requirement that the debt collector send verification of the debt. (15 U.S.C. §1692g(a)(4))

57. 15 U.S.C. § 1692g of the FDCPA provides as follows:

**Validation of debts**

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-**

**. . . (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. . . .**

(emphasis added)

58. Defendants failed to provide adequate disclosure of Plaintiff's rights, in violation of § 1692g(a)(4), when they provided conflicting disclosures as to whether Plaintiff had to dispute in writing in order to invoke his right to verification.

59. Plaintiff, and the unsophisticated consumer, might unknowingly waive his right to verification because he was not properly informed his dispute must be in writing.

60. It is well settled that an incomplete statement of the section 1692g(a)(4) violates the FDCPA. *See e.g. Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982); *Welker v. Law Office of Horwitz*, 626 F. Supp. 2d 1068 (S.D. Cal. 2009) (notice of written request requirement);

*McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736 (N.D. Ill. 2003) (failure to state any portion of debt may be disputed and omitting words "in writing"); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, L.L.P.*, 217 F. Supp. 2d 336 (E.D.N.Y. 2002) (request for verification of debt or identity of original creditor must be in writing; amount of debt); *McCabe v. Crawford & Co.*, 210 F.R.D. 631 (N.D. Ill. 2002) (omitted dispute must be "in writing" and may dispute "any portion" of debt).

61.     A debt collector has no discretion when it comes to providing the legally provided disclosures in connection with an attempt to collect a debt.

62.     MBB authorized, directed, and ratified every action taken by Blaskovich on its behalf, and is liable for the acts and omissions of Blaskovich, committed in connection with efforts to collect the alleged debt from Plaintiff. *See Fox v. Citicorp Credit Services, Inc.*, 15 F. 3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379 (3rd Cir. 2000).

63.     A debt collector bears the burden of monitoring the activities of an attorney it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016).

64.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

65.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

66.     Defendants failed to effectively state the name of the creditor to whom the debt is owed, in violation of 15 U.S.C. § 1692g(a)(2). *See Braatz v. Leading Edge Recovery Solutions,*

*LLC, et al.,* 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); *Walls v. United Collection Bureau, Inc., et al.,* 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012.

67. Defendants falsely represented the amount and character of an alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they communicated a balance that included unlawful interest.

68. Defendants used unfair and unconscionable means to attempt to collect an alleged debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1), when they attempted to collect interest to which they had neither a contractual nor statutory right.

69. Defendants misrepresented the character of an alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they communicated that Plaintiff could accrue attorney fees on an alleged debt, when no such attorney fees were authorized by law.

70. Defendants failed to provide adequate disclosure of Plaintiff's rights, in violation of § 1692g(a)(4), when they provided conflicting disclosures as to whether Plaintiff had to dispute in writing in order to invoke his right to receive verification of an alleged debt.

## CLASS ALLEGATIONS

71. Plaintiff, Derrick Garrett, brings this action individually and as a class action on behalf of (1) all persons similarly situated (2) with addresses in the State of Illinois (3) from whom Defendants attempted to collect a delinquent medical debt (4) upon which Defendants sent a letter substantially similar to that of Exhibit C (5) sent within one year of the filing of this Complaint to 28 days after, (6)which failed to indicate the current creditor to whom a debt is owed, or (6) attempted to collect interest, or (7) threatened to assess attorney fees, or (8) included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt.

72.     The members of the class are so numerous that joinder of all is not practicable.

73.     Plaintiff Garrett's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

74.     As Exhibit C is a form letter, and thus likely sent to hundreds, if not thousands of consumers in the state of Illinois, the Class consists of more than 35 persons from whom Defendants attempted to collect an alleged debt.

75.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

76.     Plaintiff Garrett will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Garrett has retained counsel experienced in class action litigation brought under the FDCPA.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and

against Defendants as follows:

    A.  Statutory damages in favor of all class members pursuant to 15 U.S.C. § 1692k(a)(2);

    B.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.  Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com