# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DERRICK GARRETT, individually and on behalf of all others similarly situated, | Case No. 1:17-cv-00087 |
| Plaintiff, | Judge Manish S. Shah |
| v. | Magistrate Judge Maria Valdez |
| DAVID M. BLASKOVICH, P.C. DAVID BLASKOVICH, and MEDICAL BUSINESS BUREAU, LLC, | |
| Defendants. | |

## JOINT MOTION FOR PRELIMINARY APPROVAL

Plaintiff, Derrick Garrett ("Garrett" or "Plaintiff"), individually, and as a representative of the class of persons defined below in Paragraph 4(a) ("Class"), and Defendants, David M. Blaskovich P.C., David Blaskovich, and Medical Business Bureau, LLC (collectively "Defendants"), request that this Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Exhibit A; (ii) sets dates for Class Members to submit claim forms, opt out, or object, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit B, and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed Preliminary Approval Order is attached as Exhibit C. The parties further state as follows:

1. Plaintiff, individually and on behalf of a class, filed this lawsuit captioned *Derrick Garrett v. David M. Blaskovich, P.C., David Blaskovich, and Medical Business Bureau, LLC, 17-cv-00087*, alleging that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and state law when they sent a letter to Plaintiff and the Class which allegedly: (1) failed to adequately name the creditor to whom the debt is owed; (2)

falsely represented the amount and character of the debt when it communicated a balance including unlawful interest; used unfair and unconscionable means to attempt to collect an alleged debt, when they attempted to collect interest to which they had neither a contractual nor statutory right; (3) misrepresented the character of an alleged debt when they communicated that Plaintiff could accrue attorney fees on an alleged debt, when no such attorney fees were authorized by law; (4) failed to provide adequate disclosure of Plaintiff's rights when they provided conflicting disclosures as to whether Plaintiff had to dispute in writing in order to invoke his right to receive verification of an alleged debt; and (5) attempted to collect interest when it allegedly did not have the right to statutory or contractual pre-judgment interest.

2. After arms-length discussions at a settlement conference on August 29, 2017, before Magistrate Judge Maria Valdez, the parties reached a settlement to resolve all claims related to the Complaints at issue, or could have been asserted by Plaintiff and the Class against Defendants in the Litigation.

3. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through the settlement, the protracted nature of the Litigation, and the likelihood, costs and possible outcomes of one or more procedural and substantive issues. Based upon counsel's review and analysis, the parties have entered into the Agreement to settle all of the claims, including those of the Class alleged in the Litigation.

4. The parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Agreement, and agree as follows:

    a. The parties have agreed to certification of the following Class for settlement purposes only: (1) all persons similarly situated (2) with addresses in the State of Illinois (3) from whom Defendants attempted to collect a delinquent medical debt (4) upon which Defendants sent a letter

substantially similar to that of Exhibit C of Plaintiff's Complaint (5) sent within one year of the filing of this Complaint to 28 days after, (6)which failed to indicate the current creditor to whom a debt is owed, or (6) attempted to collect interest, or (7) threatened to assess attorney fees, or (8) included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt.

There are approximately 44 members of the Class

b. <u>Plaintiff's Relief</u>: Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) shall pay $2,000.00 to Garrett as damages for his claims, and as an incentive award for bringing the claims on behalf of the Class.

c. <u>Class Fund</u>: Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) shall create a Class Fund of $2,046.00, which shall be distributed pro rata among Class Members who do not exclude themselves and who timely return a claim form ("Participating Class Members").

d. Participating Class Members will receive a pro rata share of the Class Fund by check. Checks issued to Participating Class Members will be void 60 days after issuance. Any uncashed checks after the Void Date will be given to Legal Assistance Foundation of Chicago as a *cy pres* award.

e. <u>Attorneys Fees and Costs</u>: Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) agree to pay Class Counsel attorney's fees in the amount of $15,000.00; reimburse Plaintiff's filing fee of $400.00 and service fee of $50.00, subject to court approval.

f. <u>Administration Cost</u>: Class Counsel will be administering the Class Settlement, including the sending of Class Notice and issuing of checks. Defendants agree to pay Plaintiff $100.00 for the cost incurred with administering the Class Settlement.

g. <u>Opting-Out</u>: All Class Members who timely submit a written request for exclusion from the Class shall be excluded from such Class and shall have no rights pursuant to the Agreement. A request for exclusion must be in writing, and include the name, address, phone number and signature of the person (or authorized representative) seeking exclusion. The request must be mailed to Class Counsel at the address provided in the Class Notice and postmarked by the date set by the Court.

h. <u>Objecting to Class Settlement</u>: A Class Member has the right to object to the settlement or a part of it. An objector must timely submit an objection and give reasons why her or she thinks the Court should not approve the settlement. A copy of the objection must also be mailed to Class Counsel and Defendants' Counsel at the addresses provided in the Class Notice. In

order for an objection to be considered by the Court, it must: (a) provide the case name; (b) list the objector's name, address and telephone number; (c) state the objection to the settlement; (d) set forth the legal and factual basis for the objection; and (e) provide copies of any documents in support of the objection.

5. The FDCPA caps a class's recovery at one percent (1%) of the debt collector's net worth. *See* 15 U.S.C. § 1692(k)(a)(2)(B)(ii). Based upon the financial information provided by Defendants to Class Counsel and the nature of the claims alleged, they believe that the Agreement is fair and reasonable, would be in the best interests of the Class Members, and should be approved by the Court. If all Class Members submit claims forms and no Class Members opt out or exclude themselves from the settlement, each Participating Class Member will receive $49.90. If twenty (20) Class Members submit a claim form, each will receive $102.30.

6. If this Agreement is not approved by the Court or for any reason does not become Effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto, and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

7. The Settlement complies with Seventh Circuit case law concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. Radioshack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). Here, unlike the aforementioned cases, the attorney's fees and costs are separate and apart from the Class Recovery. The FDCPA is a fee shifting statute and the attorneys fees and cost being awarded would not come out of the Class Fund, but rather paid directly from Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer). Thus, the attorneys fees and costs award does not affect the award to the class, unlike *Pearson*, *Redman*, and *Eubank* where the payment of attorneys fees and costs changed the total payment to

4

the Class, thus reducing the value of the settlement. In this case, the Class Fund consists of 1% of Defendants' combined net worth, which is the maximum statutory recovery afforded to the Class under 15 U.S.C. § 1692k(a)(2)(B)(ii). If the case proceeded to trial, Class Members would not receive more than the statutory maximum, which is the amount Defendants have agreed to pay to the Class Fund.

8. The Parties have proposed a Class Notice (Exhibit B) which provided adequate notice to the Class regarding the terms of the settlement, the ways Class Members can participate, opt-out of the settlement, or object, thus satisfying the requirements of Fed.R.Civ.P. 23 and of due process.

9. Class Counsel will file a Notice of Fees and Incentive award to Plaintiff within 45 days after the initial mailing of Class Notice.

10. Plaintiff and Defendants request that the Court set the following schedule for the proposed Agreement:

    a. Class notice (Exhibit B) is to be mailed within fourteen (14) days of entry of the Preliminary Approval Order;

    b. Class Members shall have sixty (60) days after the initial mailing of the notice to exclude themselves from or object to the proposed settlement. Any Class Members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendants by that date. Any Class Members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, and serve copies of the objection on counsel for both Plaintiff and Defendants by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find the proposed settlement is not in the best interests of the Class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement. The request for exclusion or objection must be postmarked by a date sixty (60) days after the initial mailing of the Class notice.

    c. A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the request for fees and

expenses by counsel for the Class will held before this Court on a date at least ninety (90) days from the entry of the Preliminary Approval Order under the Class Action Fairness Act.

11. In the event that there is any conflict between any provision of this motion and the settlement agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

12. The parties – strictly for settlement purposes, and without making any admissions or confessions – believe that the Class certification is appropriate because

    a. The class, at 44 individuals, is so numerous that joinder would be impractical;

    b. The alleged violations of the FDCPA stem from practices by Defendants that was applied across all members of the Class;

    c. The claims of the Class Members, are similar to the alleged violations, would be similar because the class members were sent the same collection letter, most likely with the same conditions, and allegedly suffered the same damage by Defendants. Plaintiff's class allegations center on the Defendants unlawful collect attempts, and the questions of fact and law are similar among members of the class;

    d. Plaintiff, as class representative, has diligently and responsibly pursued this action on behalf of himself and the class. Plaintiff's counsel has additionally worked diligently towards securing fair and reasonable class settlement.

    e. A class action is superior in this case because individual litigation of all claims would result in inconsistent rulings and substantially decreased efficiency

13. Given the fact that the Class would recover nearly one hundred percent (100%) of the maximum statutory award available to them under the FDCPA, without the risks associated with pursuing the case to judgment, and the time and expense required to do so, preliminary approval of the settlement is appropriate, for it is within the range of reasonableness for a class settlement.

WHEREFORE, the parties respectfully request that the Court enter an order in the form of Exhibit C to the Agreement, which (i) grants preliminary approval of the proposed settlement; (ii) approves and directs the mailing of a notice, in the form of Exhibit B to the Agreement, and finds that the mailing of such notice satisfies the requirements of due process; (iii) sets dates for the Class Members to opt out, object, or return a claim form; and (iv) schedules a hearing for the final approval under Fed. R. Civ. P. 23(c)(2).

Respectfully Submitted,

| | |
|---|---|
| /s/Celetha C. Chatman | /s/Kirk D. Bagrowski |
| Celetha C. Chatman | Robert J. Feldt |
| Michael J. Wood | David J. Beach |
| Holly McCurdy | Kirk D. Bagrowski |
| Community Lawyers' Group, Ltd. | Eichhorn & Eichhorn, LLP |
| 73 W. Monroe Street, Suite 514 | 200 Russell Street |
| Chicago, IL  60603 | P.O. Box 6328 |
| (312) 757-1880 | Hammond, IN 46325 |
| cchatman@communitylawyersgroup.com | (219) 931-0560 |

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 3, 2017, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing Joint Motion for Preliminary Approval by using the CM/ECF system, which will send notification of such filing(s) to:

    Robert J. Feldt
    David J. Beach
    Kirk D. Bagrowski
    Eichhorn & Eichhorn, LLP
    200 Russell Street
    P.O. Box 6328
    Hammond, IN 46325

                                                     /s/Celetha Chatman