# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK GARRETT, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:17-cv-00087 |
| Plaintiff, | ) ) | Judge: Manish S. Shah |
| v. | ) ) | Magistrate Judge Maria Valdez |
| DAVID M. BLASKOVICH, P.C. DAVID BLASKOVICH, and MEDICAL BUSINESS BUREAU, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## CLASS SETTLEMENT AGREEMENT

### RECITALS

1.   **Parties.**  Defendants, David M. Blaskovich, P.C., ("DBPC") David Blaskovich, ("Blaskovich") and Medical Business Bureau LLC ("MBB") (collectively "Defendants") and Plaintiff, Derrick Garret ("Plaintiff") individually, and as representative of the class of persons defined below in ¶7 (the "Class"), enter into this Class Settlement Agreement as to Plaintiff's and the Class's claims arising from letters sent by DBPC and Blaskovich on behalf of MBB (the "Agreement").

2.   **Nature of Litigation.**  Plaintiff, individually and on behalf of a class, filed a lawsuit in the United States District Court for the Northern District of Illinois, entitled *Derrick Garrett v. David M. Blaskovich, P.C., David Blaskovich, and Medical Business Bureau, LLC* Case No. 1:17-cv-0087 (the "Litigation"), alleging that Defendants violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692 *et. seq.* and the Illinois Interest Act (Ill. Comp. Stat. 205/2) when it sent a letter to Plaintiff and the Class which allegedly: failed to adequately name the creditor to whom the debt is owed; falsely represented the amount and character of the debt when it communicated a balance including unlawful interest; used unfair

and unconscionable means to attempt to collect an alleged debt, when they attempted to collect interest to which they had neither a contractual nor statutory right; misrepresented the character of an alleged debt when they communicated that Plaintiff could accrue attorney fees on an alleged debt, when no such attorney fees were authorized by law; failed to provide adequate disclosure of Plaintiff's rights when they provided conflicting disclosures as to whether Plaintiff had to dispute in writing in order to invoke his right to receive verification of an alleged debt; and attempted to collect interest when it allegedly did not have the right to statutory or contractual pre-judgment interest.

3.      Plaintiff, individually and on behalf of the Class, desires to settle his claims against Defendants, having considered through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery over that offered by this settlement and the likelihood that the Litigation will be further protracted and expensive.

4.      Plaintiff's counsel has investigated the facts and the applicable law. Upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Class to enter into this Agreement.

5.      In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel and Defendants agree to settle the claims of the Plaintiff and the Class arising from the collection letter at issue, subject to the Court's approval, on the following terms and conditions.

## TERMS

6.      **Effective Date.**  This Agreement shall become effective (the "Effective Date") upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses Plaintiff and the Class members'

claims alleged in the Amended Complaint against Defendants with prejudice; and (2) (a) if the final approval order is not appealed, the expiration of five days from the date that the final approval order becomes a final, non-appealable order; or (b) if the final approval order is appealed, the expiration of five days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement under the terms and provisions of this Agreement.

7. **Class.** The parties agree to certification of the following class for settlement purposes only:

(1) all persons similarly situated (2) with addresses in the State of Illinois (3) from whom Defendants attempted to collect a delinquent medical debt (4) upon which Defendants sent a letter substantially similar to that of Exhibit C of Plaintiff's Complaint (5) sent within one year of the filing of this Complaint to 28 days after, (6)which failed to indicate the current creditor to whom a debt is owed, or (6) attempted to collect interest, or (7) requested attorney fees, or (8) included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt.

Defendant has identified 44 members of the Class

8. **Relief to Plaintiff and the Class.** Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) shall provide the following relief to Plaintiff and the Class.

a. **Class Fund**: Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) will create a class settlement fund of $2,046.00 ("Class Recovery"), which Class Counsel will distribute pro rata among Class Members who (a) do not exclude themselves and (b) timely return a claim form no later than 60 days after the initial mailing of the notice to the class ("Participating Class Members"). Participating Class Members will receive a pro rata share of the Class Recovery by check. Checks issued will be void after 60 days. If any portion of the Class Recovery remains 60 days after the void date on the Participating Class Members' checks, these remaining funds will be distributed as set forth in Paragraph 9(e);

b. **Relief to Plaintiff**: Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) shall pay $2,000.00 to Plaintiff as damages for his claims and as an incentive award for bringing the claims on behalf of the Class;

    c.    **Attorneys' Fees and Costs**: Subject to the Court's approval, Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) shall pay counsel for Plaintiff and the Class $15,000.00 as attorneys' fees and court costs in the amount of $450.00, which includes a $400 filing fee and $50 service fee.

    d.    **Class Administration Fees**: Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) shall pay $100 for the costs associated with providing notice and administering the Class Recovery.

    e.    **Uncashed Checks**: Participating Class Members will receive a pro rata share of the Class Recovery by check. Checks uses to Participating Class Members will be void after 60 days ("Void Date"). Any checks that have not been cashed by the Void Date will be distributed to Legal Assistance Foundation of Metropolitan Chicago as *cy pres*.

9.    **Distribution of Funds**. At least ten (10) business days before the Fairness Hearing, Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) shall deposit all monies set forth in ¶8(a), Class Fund, with Class Counsel. Twenty-one (21) days after the Effective Date, Class Counsel will distribute all monies set forth in ¶8(a) to Eligible Class Members. At least ten (10) business days before the Fairness Hearing, Defendants shall deliver a check in the amount of $17,550, comprised of attorney's fees, reimbursement of filing and service fee, and administration fees, as set forth in ¶8(c)-(d) and Plaintiff's recovery and incentive award of $2,000.00, as set forth in ¶8(b). Defendant shall address the check(s) to Community Lawyers Group, Ltd. Client Trust, 73 W Monroe Street, Suite 514, Chicago, IL 60603. These amounts shall be held in trust by Class Counsel until the Effective Date.

10.    **Release.** Upon the Effective Date, the parties grant the following releases:

    a.    Plaintiff, Derrick Garrett including every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), release and discharge Defendants, its parent corporations, predecessors and successors in interest (excluding any original creditor to the alleged account) and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which said

4

Defendants perform collection services (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law, that were alleged or could have been alleged in the Litigation.

b.      Each member of the Class who does not opt out of the Class releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law that were alleged or could have been alleged in this Litigation.

11.      **Court Approval.** The release in ¶ 10 is conditioned upon the approval of the Agreement by the Court and Defendants meeting their obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

12.      **Notice.** Within seven (7) days after the Preliminary Approval Order is entered, Defendants shall deliver a Class List with the last known address of each Class Member. Within

5

twenty-on (21) days after entry of the Preliminary Approval Order, Class Counsel shall cause actual notice, in the form of Exhibit B, to be sent to the last known addresses of the Class members, according to Defendants' records. Class Counsel shall distribute the notice via any form of U.S. Mail providing address forwarding.  Each notice shall be sent with a request for forwarding addresses. If a notice is returned as undeliverable and a forwarding address is provided, Class Counsel shall cause to be forwarded any such returned notice to the address provided within five (5) days of receipt.  Neither Class Counsel, Defendants, nor Plaintiff must skip trace any letters returned as undeliverable.

> **a.** **Requests for Exclusion.**  Any Class Member who timely files a written request for exclusion from the Class shall be excluded from the Class and shall have no rights pursuant to this Agreement. A request for exclusion must be in writing and include the name, address, phone number, and signature of the person (or their authorized representative) seeking exclusion. The request must be postmarked by such date set by the court during Preliminary Approval.

> **b.** **Objections to Class Settlement.**  Any Class Member who wishes to object to the settlement must timely submit an objection and give reasons why he or she thinks the Court should not approve the settlement.  A Class Member must submit a copy of his or her objection to Class Counsel and Defendants' Counsel by such date set by the Court during Preliminary Approval. In order for an objection to be considered by the Court, it must: (a) provide the case name; (b) list the objector's name, address and telephone number; (c) state the objection to the settlement; (d) set forth the legal and factual basis for the objection; and (e) provide copies of any documents in support of the objection.

6

        c.      **Timing for Submitting a Claim Form, Opt-Outs, and Objections.** Class Members have sixty (60) days after mailing of the Class Notice to complete and postmark a claim form, request to opt-out of the proposed settlement, or object to the proposed settlement

    13.    **<u>CAFA Notice.</u>** Defendants shall provide notice of this proposed class settlement to the appropriate state and federal authorities in compliance with the Class Action Fairness Act ("CAFA") within ten (10) days of the filing of the Motion for Preliminary Approval of this Agreement and shall file with the Court notification of Defendants' compliance with 28 U.S.C. §1715(b).

    14.    **<u>Preliminary Approval.</u>** As soon as practicable after execution of this Agreement, the parties shall apply to the Court for the Preliminary Approval Order, attached as Exhibit C, which:

        **a.**      Preliminarily approves this Agreement;

        **b.**      Schedules a hearing for final approval of this Agreement;

        **c.**      Approves Exhibit B hereto as notice to the Class, to be directed to the last known address of the Class members as shown on Defendants' records; and

        **d.**      Finds that mailing of the Class Notice and the other measures specified in ¶12 are the only notice required and that such notice satisfies the requirements of due process and Fed.R.Civ.P. 23.

    15.    The parties agree to request the form of notice attached hereto as Exhibit B and propose the form of preliminary approval order attached hereto as Exhibit C. The fact that the Court may require non-substantive changes in the notice or order does not invalidate this Agreement.

16.    **Final Approval.**  At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of 90 days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Plaintiff's counsel, Defendants' counsel and Defendants shall request that the Court enter a Final Order approving the terms of this Agreement as fair, reasonable and adequate; providing for the implementation of those terms and provisions; finding that the notice given to the Class satisfies the requirements of due process and Rule 23; dismissing the claims of Plaintiff and the Class alleged in the Complaint with prejudice and without costs; directing the entry of a final order; and retaining jurisdiction to enforce the provisions of the final approval order.

17.    The parties agree to request the form of final approval order attached hereto as Exhibit D. The fact that the Court may require non-substantive changes in the final order does not invalidate this Agreement.

18.    **Miscellaneous Provisions.**  The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement, and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein.  Whether or not this Agreement is consummated, this Agreement shall in no event be construed as, or be deemed, evidence of an admission on the part of Defendants of any liability or wrongdoing whatsoever.

19.    Notices and objections related to this Agreement shall be sent to the following attorneys:

> Celetha Chatman
> Community Lawyers Group, Ltd.
> 73 W. Monroe Street, Suite 514
> Chicago, IL 60603

> Kirk D. Bagrowski
> Eichhorn & Eichhorn, LLP
> 200 Russell Street
> P.O. Box 6328
> Hammond, IN 46325

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

20.     Plaintiff, Plaintiff's Counsel, Defendants, and Defendants' Counsel mutually agree to refrain from any act that is intended or may be expected to harm the reputation of either party or either party's counsel.

21.     The foregoing constitutes the entire agreement between the parties and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

22.     This Agreement may be executed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes.  The several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Agreement may be treated as originals.

23.     Every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Class, and their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

24.     This Agreement shall be governed by and interpreted under the laws of Illinois.

25.     If final approval is granted, the parties shall retain the class list and a list of class members who opted in or excluded themselves for six months from final approval, and may destroy them after that period.

IN WITNESS WHEREOF, the parties hereto, acting through their respective counsel of record, have so agreed, on _____, 2017.

Individually and as Class Representative:


_____
Derrick Garrett

_____
David M. Blaskovich, P.C.

By:_____

Its:_____


_____
David Blaskovich

_____
Medical Business Bureau, LLC

By:_____

Its:_____


Approved as to form only:

Attorneys for Derrick Garrett


_____
Community Lawyers Group, Ltd.

Approved as to form only:

Attorneys for Defendants


_____
Eichhorn & Eichhorn, LLP

10

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK GARRETT, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-00087 |
| v. | ) | |
| | ) | Judge Manish S. Shah |
| DAVID M. BLASKOVICH, P.C. | ) | |
| DAVID BLASKOVICH, and | ) | Magistrate Judge Maria Valdez |
| MEDICAL BUSINESS BUREAU, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF CLASS ACTION

To: All persons in the State of Illinois from whom Defendants attempted to collect a debt by sending a collection letter which allegedly: failed to name the creditor to whom the debt is owed; stated a balance with unlawful interest and attempted to collect unlawful interest; requested attorneys fees; and failed to provide adequate disclosures regarding the consumer's right to dispute the debt, anytime between January 5, 2016 to February 2, 2017.

**NOTICE IS HEREBY GIVEN THAT**, by an order of the United States District Court for the Northern District of Illinois (the "Court"), dated _____(*Preliminary Approval Date*), it was determined that the lawsuit may be settled on behalf of a class of persons (the "Class") pursuant to Fed. R. Civ. P. 23(b)(3), which is defined above.

**YOU HAVE NOT BEEN SUED IN THIS MATTER. This letter is a notice that you have been identified as a class member and may be entitled to a money as a member of the Class**.

You have been identified from the records of David M. Blaskovich, P.C., David Blaskovich, and Medical Business Bureau, LLC (the "Defendants"), as being a member of the class because Defendants attempted to collect a consumer debt, originally owed for medical services or treatment, by sending you a collection letter which allegedly: (1) failed to indicate the current creditor to whom the debt is owed; or (2) attempted to collect interest; or (3) requested attorney's fees; or (4) included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt. This Notice is given to inform you about this lawsuit so that you may have an opportunity to comment on the proposed settlement, opt-out of the proposed class or participate in the settlement and receive money by returning a claim form.

## NATURE OF THIS LAWSUIT

### A. Summary of the Litigation

The Plaintiff, Derrick Garrett, filed his Complaint in this matter on January 5, 2017. The Complaint alleged that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") when they attempted to collect consumers debts via a collection letter which collection letter which allegedly: (1) failed to indicate the current creditor to whom the debt is owed; or (2) attempted to collect interest; or (3) requested attorney's fees; or (4) included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt. Plaintiff's lawsuit sought to obtain a finding that Defendants violated the FDCPA, and to recover statutory damages and costs and attorney's fees from it.

Nothing in this Notice should be deemed to constitute an admission by Defendants that they violated the FDCPA. Defendants deny that they are liable in any way to Plaintiff or the Class and deny that their actions violated the FDCPA in any manner.

The description of Plaintiff's claims and Defendants' responses is general and does not cover all of the claims and contentions of the parties. For a complete statement of all the contentions and proceedings in this case, you can review the files relating to this lawsuit, which are available for your inspection at the Clerk of the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, 20th Floor, Chicago, Illinois, 60604.

The maximum statutory damages recoverable in a class action under the FDCPA are limited to 1% of the net worth of the Defendant debt collectors or $500,000, whichever is less. In this case, the 1% cap is in place, and the maximum recoverable amount is approximately two thousand, forty-six dollars and zero cents ($2,046.00). Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) have agreed to pay the maximum amount, two thousand, forty-six dollars and zero cents ($2,046.00), to be divided equally among the class members. There are approximately 41 members of the class. This settlement fund will be divided up pro rata among each of the Class Members who timely returns a claim form.

### B. Certification of the Class

This Court has preliminarily certified a settlement class, pursuant to Fed. R. Civ. P. 23(b)(3), and has appointed Plaintiff, Derrick Garrett, as representative of the Class, and his attorneys, Michael J. Wood and Celetha C. Chatman of Community Lawyers Group, Ltd., as Counsel for the Class.

### C. Settlement of the Lawsuit

Plaintiff and Defendants have agreed to a proposed settlement that provides:
1. Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) shall pay $2,046 to the Class, to be distributed on a pro-rata basis, as set forth above, to each member of the Class who: a) does not exclude himself or herself from this

2

action, and, b) returns the attached claim form, which must be delivered by _____; all funds that are not distributed to, or claimed by the Class shall be split equally and paid to the Legal Assistance Foundation of Metropolitan Chicago Foundation as a *cy pres* remedy;

2. Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) shall pay $2,000 to Plaintiff Derrick Garrett;
3. Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer) shall pay to Class Counsel $15,000.00 reasonable attorneys' fees, $400.00 reimbursement of Plaintiff's filing fee, $50.00 reimbursement of service fee, which amount will be requested in a separate motion, a copy of which will be available to you upon request;
4. Defendants (David Blaskovich and David Blaskovich, P.C., by their insurer)will pay $100.00 to Class Counsel for administration of the class settlement
5. Plaintiff will dismiss his lawsuit with prejudice and all class members' claims against Defendants will be released.

The Court will later conduct a hearing to determine whether the proposed settlement is fair, reasonable, and adequate under the circumstances, at the time and place indicated below.

**D. Your Options**

1) **Complete a Claim Form and Remain in the Class:** If you wish to receive a portion of the Class Fund, you must complete and return the claim form on or before _____.
2) **Exclude Yourself from the Class:** If you exclude yourself from the class, you will receive no benefit from the Class Fund, but you will retain your legal claims against Defendants. More information about exuding yourself is found below.
3) **Object to the Settlement:** You may write the Court explaining why you do not believe the settlement is fair. More information about objecting is found below.
4) **Do Nothing:** If you do nothing, you will receive no benefit from the settlement and will not retain your legal claims against the Defendants.

<u>Excluding Yourself from the Class</u>: You have the right to bring your own individual action, in which case a court could award you statutory damages in the range of $0 to $1,000 plus any actual damages, if proven, However, there is no guarantee that a court would award you the maximum individual statutory damages, or any damages whatsoever, plus any actual damages you may have incurred. You also have the right to exclude yourself from both the settlement and the class action by sending a written request for exclusion to Class Counsel at the address listed below. The request for exclusion must be received by _____, and must contain your name, address, and the name and number of this case. It is your responsibility to make sure that your request for exclusion is timely delivered.  If you exclude yourself from this action, you will not be entitled to share in the settlement fund.

<u>Objecting to the Settlement</u>: If you are a member of the Class, you have the right to be represented in this action by your own attorney. You also have the right to file a written

objection or comment on the proposed settlement. Your objection or comment must state your name, address, the case name and number, why you are objecting or commenting to the proposed settlement, and any reasons supporting your position, along with any documents that support your position. You must sign your objection personally. If you choose to make a written objection or comment, it is your responsibility to make sure that your objection is delivered on or before_____, to Class Counsel and Defendants' Counsel at the following addresses:

Class Counsel:                                  Defendants' Counsel:
Celetha Chatman                                 Kirk D. Bagrowski
Community Lawyers Group, Ltd.                   Eichhorn & Eichhorn, LLP
73 W. Monroe, Suite 514                         200 Russell Street
Chicago, IL 60603                               P.O. Box 6328
Ph. (312)757-1880                               Ph. (219)931-0560
Fx. (312) 265-3227                              kbagrowski@eichhorn-law.com
cchatman@communitylawyersgroup.com

You also have the right to make an oral objection or comment at the fairness hearing, as listed below, regardless of whether you filed a written objection or comment.

Fairness Hearing: A hearing will be held before the Honorable Manish S. Shah of the United States District Court for the Northern District of Illinois, on _____, at _____ a.m., in Courtroom 1719 of the United States District Court, 219 S. Dearborn Street, Chicago, Illinois, 60604. This hearing will be held to determine if the proposed settlement is fair, reasonable, and adequate and should be approved and the lawsuit dismissed. If the proposed settlement is approved, it will be binding and will release Defendants from any and all claims that were asserted or could have been asserted in this lawsuit.

Questions concerning this class action litigation should be directed to: Community Lawyers Group, Ltd., 73 W. Monroe Suite 514, Chicago, IL 60603, (312)757-1880.

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK**

--------------------------------------------------------------------------------

### CLAIM FORM

Derrick Garrett v. David M. Blaskovich, P.C., David Blaskovich, and Medical Business Bureau, LLC., No. 1:17-cv-0087

I wish to claim my portion of the settlement fund in this case: (Please Print)

Name:  _____

Address: _____

City/State/Zip: _____

Under penalty of perjury, I am verifying that I received a collection letter in the Form of Exhibit A from David Blaskovich or David Blaskovich, P.C.

_____        Date:_____
Signature

_____
Print Name

**THIS CLAIM FORM MUST BE RETURNED BY _____TO:**

 **Community Lawyers Group, Ltd.**
 **73 W Monroe Street, Suite 514**
 **Chicago, Illinois 60603**

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK GARRETT, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:17-cv-00087 |
| Plaintiff, | ) ) | Judge: Manish S. Shah |
| v. | ) ) | Magistrate Judge Maria Valdez |
| DAVID M. BLASKOVICH, P.C. DAVID BLASKOVICH, and MEDICAL BUSINESS BUREAU, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**PRELIMINARY APPROVAL ORDER**

The Court, having considered the parties' Joint Motion for Preliminary Approval, hereby grants preliminary approval to the Class Settlement Agreement ("Agreement") between Derrick Garrett ("Plaintiff"), individually and as representative of the class of persons defined below ("Class"), and David M. Blaskovich, P.C., David Blaskovich, and Medical Business Bureau, LLC ("Defendants") as follows:

1.      The terms of the Agreement are reasonable, fair and hereby approved by the Court, subject to the final fairness hearing described below.

2.      The parties agree to seek certification of the following class for settlement purposes only:

> (1) all persons similarly situated (2) with addresses in the State of Illinois (3) from whom Defendants attempted to collect a delinquent medical debt (4) upon which Defendants sent a letter substantially similar to that of Exhibit C (5) sent within one year of the filing of this Complaint to 28 days after, (6) which failed to indicate the current creditor to whom a debt is owed, or (6) attempted to collect interest, or (7) threatened to assess attorney fees, or (8) included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt.

131105076v1 0965994

3.     The Court hereby appoints Michael J. Wood and Celetha C. Chatman from Community Lawyers' Group, Ltd., as Class Counsel.

4.     The Court approves the parties' proposed Class Notice and directs it be mailed to the last known address of the class members as shown on Defendants' records on or before _____.  Class Counsel will have the notice sent by any form of U.S. Mail providing forwarding addresses.

5.     The Court finds that mailing of the Class Notice (Exhibit 1) is the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

6.     Class members have until _____, or the first business day after the 60th day after the initial mailing of the class notice on _____, to complete and postmark a claim form, exclude themselves from or object to the proposed settlement.  Any class members desiring to exclude themselves from the action must serve their request for exclusion on counsel for both Plaintiff and the Defendants by that date.  Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, and serve copies of the objection on counsel for both Plaintiff and Defendants by that date.  Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the proposed settlement is not in the best interests of the Class.  Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement.  To be effective, the request for exclusion or objection must be postmarked no later than _____.

2

7.      Class Counsel shall file a petition for approval of attorneys' fees and reimbursement of filing and service fees by _____, which the Court shall rule on at the final approval hearing.

8.      A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the request for Class Counsel for attorney's fees and expenses, will be held on _____ at _____ a.m./p.m.

ENTERED:            _____

United States District Judge

DATE:            _____

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK GARRETT, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:17-cv-00087 |
| Plaintiff, | ) ) | Judge: Manish S. Shah |
| v. | ) ) ) | Magistrate Judge Maria Valdez |
| DAVID M. BLASKOVICH, P.C.<br>DAVID BLASKOVICH, and<br>MEDICAL BUSINESS BUREAU, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## FINAL APPROVAL ORDER

The Court, having considered the parties' request for Final Approval of the Class Settlement Agreement ("Agreement") between Derrick Garrett ("Plaintiff"), individually and as representative of the class of persons defined below ("Class"), and David M. Blaskovich, P.C., David Blaskovich, and Medical Business Bureau, LLC ("Defendants"), the Court orders and finds as follows:

1.     On _____, the Court preliminarily approved the Agreement on behalf of Plaintiff and a Class consisting of:

> (1) all persons similarly situated (2) with addresses in the State of Illinois (3) from whom Defendants attempted to collect a delinquent medical debt (4) upon which Defendants sent a letter substantially similar to that of Exhibit C (5) sent within one year of the filing of this Complaint to 28 days after, (6)which failed to indicate the current creditor to whom a debt is owed, or (6) attempted to collect interest, or (7) threatened to assess attorney fees, or (8) included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt.

2.     The Court approved the parties' proposed Class Notice and directed it to be mailed to the last known address of the Class Members as shown in Defendants'

records on or before _____. The Court is informed that the actual notice was sent by first class mail to approximately _____ class members by Class Counsel. A total of _____ envelopes were returned by the U.S.P.S. as "undeliverable" with no forwarding address. There were _____ notices that were returned with a forwarding address and remailed. _____ members timely returned a claim form, _____ class members requested and exclusion, and _____ objections were filed or received.

3.      On _____ , the Court held a fairness hearing to which class members, including any with objections, were invited. _____ class members objected or requested exclusion from the settlement.

4.      The Court finds that the provisions for notice to the class satisfy the requirements of Federal Rules of Civil Procedure 23 and due process.

5.      The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement.

6.      Defendants have deposited $2,046 in Class Counsel's trust account which shall be distributed pro rata among Class Members who did not exclude themselves and who timely returned a claim form ("Participating Class Members").

7.      Defendants have also delivered all money required under paragraph 8(b)-(d) of the Agreement as follows:

      a.    $2,500.00 to Class Counsel for Plaintiff's statutory damages and as an incentive award for bringing his claims on behalf of the Class;

      b.    $15,450.00 to Class Counsel for Attorney's Fees, and costs subject to approval by this Court; and

      c.    $100 to Class Counsel for administrative costs.

8.      Twenty-one (21) days after the Effective Date, as defined in the Settlement Agreement, Class Counsel will distribute all monies set forth in paragraph 8(a) to Participating Class Members.  The checks shall be void after 60 days from the date of issuance.

9.      Upon the Effective Date, the parties' grant the following Release:

a.      Plaintiff, Derrick Garrett including every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), release and discharge Defendants, its parent corporations, predecessors and successors in interest (excluding any original creditor to the alleged account) and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which said Defendants perform collection services (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law, that were alleged or could have been alleged in the Litigation.

b.      Each member of the Class who does not opt out of the Class releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or

otherwise, including, without limitation, those based on violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law that were alleged or could have been alleged in this Litigation.

10.    The Court finds that the Agreement is fair and made in good faith.

11.    If any settlement checks are not cashed by the Void Date, as defined in the Agreement, the Court approves the *cy pres* award to be delivered to Legal Assistance Foundation of Metropolitan Chicago.

12.    The Court approves the attorneys fees and costs of $15,450.00, which is paid in addition to the Class Fund.

13.    The claims of Plaintiff and the Class are dismissed with prejudice and without costs, except for those costs paid pursuant to the Agreement.

ENTERED:                   _____

United States District Judge

DATE:                   _____

4