# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DERRICK GARRETT, individually and on behalf of all others similarly situated, | Case No. 1:17-cv-00087 |
| Plaintiff, | Judge Manish S. Shah |
| v. | Magistrate Judge Maria Valdez |
| DAVID M. BLASKOVICH, P.C. DAVID BLASKOVICH, and MEDICAL BUSINESS BUREAU, LLC, | |
| Defendants. | |

## PETITION FOR AND MEMORANDUM IN SUPPORT OF AWARD OF ATTORNEYS FEES AND COSTS

Plaintiff, Derrick Garrett ("Garrett" or "Plaintiff"), individually, and as a representative of the Class, and his counsel, Community Lawyers Group, Ltd. ("CLG" or "Class Counsel"), submit their petition to the Court for an award of $15,450.00 for their attorneys' fees and costs and to provide notice to class members of the basis for that request. Class Counsel will request that this Court enter an order on this request at the Fairness Hearing scheduled for January 18, 2018 at 10:30 a.m.

Plaintiff Garrett brought this action against Defendants David M. Blaskovich, P.C. ("DMB PC"), David Blaskovich ("DMB"), and Medical Business Bureau, LLC, ("MBB") (collectively "Defendants") individually and on behalf of a class, claiming that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and state law when they sent a letter to Plaintiff and the Class which (1) failed to adequately name the creditor to whom the debt is owed; (2) falsely represented the amount and character of the debt when it communicated a balance including unlawful interest; used unfair and unconscionable means to attempt to collect an alleged debt, when they attempted to collect interest to which they

had neither a contractual nor statutory right; (3) misrepresented the character of an alleged debt when they communicated that Plaintiff could accrue attorney fees on an alleged debt, when no such attorney fees were authorized by law; (4) failed to provide adequate disclosure of Plaintiff's rights when they provided conflicting disclosures as to whether Plaintiff had to dispute in writing in order to invoke his right to receive verification of an alleged debt; and (5) attempted to collect interest when it allegedly did not have the right to statutory or contractual pre-judgment interest.

On October 5, 2017, the Court entered an order, granting preliminary approval to the parties' settlement agreement (ECF No. 45). The settlement agreement provides for Defendants to make the following payments:

    a.   $2,000.00 to Garrett as damages for his claims, and as an incentive award for bringing the claims on behalf of the class.

    b.   $2,046.00 to be divided *pro rata* to each class member who did not timely exclude himself/herself from the settlement and timely returned a claim form ("Participating Class Members").

    c.   $15,450.00 for Plaintiff's Class Counsel for attorneys' fees and costs subject to court approval.

    d.   $100.00 for the cost incurred with administering the Class Settlement.

In compliance with Seventh Circuit precedent and the Fed. R. of Civ. P. 23, Class Counsel hereby gives notice to class members of the details and basis for the attorneys' fees and costs that Class Counsel intends to request from the Court at final approval, in advance of the final approval hearing set for January 18, 2018. *See Redman v. Radioshack Corp.*, 768 F.3d 622, 637-38 (7th Cir. 2014). Class members have an opportunity to evaluate the reasonableness of Class Counsel's fees and make any objections to such request for fees and costs.

As of the date of filing this petition, CLG has incurred fees and costs in excess of $18,000.00 in litigating this action (See Exhibit D). This amount does not include the additional time and expense of finalizing the case, including preparing the Motion for Final Approval,

appearing at the fairness hearing, and responding to class members questions, if any arise before that date.

## ARGUMENT

**I.  Class Counsel's Petition for $15,450.00 in Fees and Costs is Fair and Reasonable.**

Class Counsel's petition for $15,450.00 in fees and costs is fair and reasonable. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") allows Class Counsel to recover for their work in this action. Section 1692k provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person" is liable, inter alia, for "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorneys' fee as determined by the court." 15 U.S.C. §1692k(a)(3). To date, Class Counsel has incurred $17,417.20 in fees and $606.00 in costs, for a total of $18,023.20. The fees and costs incurred by Class Counsel in litigating this case were incurred in the course of performing the following tasks:

**A.  Pre-Complaint Legal and Factual Investigation**

Class Counsel began conducting a factual and legal investigation of Plaintiff's claims in December 2016. This investigation included meeting with Plaintiff, an analysis of the collection letter at issue, the potential FDCPA claims which could be brought, the potential for proceeding on a class-wide basis, the applicable federal and Illinois law and the elements and potential defenses for the proposed claims. After concluding the initial factual and legal analysis, Class Counsel drafted, prepared, and filed the Complaint and supporting exhibits and documents.

**B.  Discovery & Settlement Conference**

After Defendants answered the Complaint, Plaintiff drafted and issued written discovery to Defendants, including requests for Defendants' net worth and number of class members in

3

order to determine whether class-settlement was feasible. Plaintiff also drafted and filed a motion and memorandum for class certification during the course of this litigation. Before any discovery was issued to Plaintiff and before any depositions were taken, Defendants requested a settlement conference with Magistrate Judge Maria Valdez.

The parties agreed to a date for the settlement conference, prepared pre-settlement conference position papers, and attended an in-person settlement conference on August 29, 2017 with Judge Valdez. During the settlement conference, Class Counsel tendered an accounting of their attorneys fees and costs to date to Judge Valdez. Ultimately, the parties reached a settlement on a class-wide basis with the assistance of the Court. Class Counsel and Defendants' counsel worked together to draft and approve the class settlement agreement, class notice, preliminary approval order, and Joint Motion for Preliminary Approval of Class Settlement.

## II.     Plaintiff's Counsel Loadstar Exceeds the Amount Requested

Pursuant to the settlement agreement, the Defendants will pay attorneys' fees in an amount of $15,000.00 and reimburse costs in an amount of $450.00. Class Counsel will request approval from the Court of attorneys' fees and costs in the amount of $15,450.00. As set forth in the Declarations of Michael J. Wood (Exhibit A), Celetha C. Chatman (Exhibit B), and Holly R. McCurdy (Exhibit C), Class Counsel includes experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433-37, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983); *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir.

4

2007). The proper hourly rate is determined based on the market rate for the services of plaintiff's counsel. *See, e.g.*, *Missouri v. Jenkins*, 491 U.S. 274, 283, 105 L. Ed. 2d 229, 109 S. Ct. 2463 (1989). If an attorney commonly charges by the hour, his or her regular billing rate is presumptively the market rate. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999); *People Who Care v. Rockford Board of Education*, 90 F.3d 1307, 1310 (7th Cir. 1996). The hourly rates of Class Counsel, and a detailed listing of Class Counsel's lodestar, are set forth in Exhibits A-D attached hereto.

The actual lodestar and expenses incurred by Class Counsel, as of January 4, 2018, is $18,023.20. See Exhibit D. This amount, already above the agreed settlement amount for attorneys' fees and costs, does not include time spent preparing for, and appearing at, the fairness hearing and processing any additional calls from class members, inquiring about the settlement checks. Accordingly, the request for $15,450.00 is fair and reasonable, and Plaintiff requests that the Court approve that amount.

The settlement in this case also complies with relevant case law from the Seventh Circuit concerning class settlement awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622 (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). First, the award to the class is distinct and separate from the attorneys' fees in this case. The FDCPA is a fee shifting statute and the fees being awarded to class would not come from a class fund, but rather by payment directly from Defendants, pursuant to the fee shifting provision of the FDCPA as set out in § 1692k(a)(3). Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson*, *Redman*, and *Eubank* where payment of the attorneys' fees affected the total payment to the class.

## III. CONCLUSION

For the foregoing reasons, the Court should find that $15,450.00 for Class Counsel's Attorneys' Fees and Costs is fair and reasonable and enter an order awarding Class Counsel that amount at the fairness hearing on January 18, 2018.

Respectfully Submitted,

s/Celetha Chatman
Celetha Chatman

Michael J. Wood
Celetha C. Chatman
Holly R. McCurdy
Community Lawyers Group, Ltd.
73 W Monroe Street, Suite 514
Chicago, Illinois 60603
Phone: (312) 757-1880
Fax: (312) 265-3227
cchatman@communitylawyersgroup.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2018, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing PETITION FOR AND MEMORANDUM IN SUPPORT OF AWARD OF ATTORNEYS FEES AND COSTS by using the CM/ECF system, which will send notification of such filing(s) to all parties of record.

                                                                   s/Celetha Chatman