IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK GARRETT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:17-cv-00087 |
| v. | ) ) | Judge: Manish S. Shah |
| DAVID M. BLASKOVICH, P.C. DAVID M. BLASKOVICH, and MEDICAL BUSINESS BUREAU, LLC, | ) ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT**

Plaintiff Derrick Garrett ("Plaintiff"), individually and as representative of the Class of similarly situated persons, by Class Counsel, Community Lawyers Group, Ltd., respectfully submit the following Memorandum in Support of Final Approval of the Class Action Settlement Agreement ("Agreement") between Plaintiff and Defendants, David M. Blaskovich, P.C., ("DBPC") David M. Blaskovich, ("Blaskovich") and Medical Business Bureau LLC ("MBB") (collectively "Defendants"), which this Court preliminarily approved on October 5, 2017.

**I.      CLASS NOTICE AND RETURNED CLAIM FORMS**

As provided in the preliminary approval order (ECF No. 45), notice of the settlement of this lawsuit was mailed to 44 individuals identified as members of the Class using the last known address in Defendants' records. Class counsel does not have record of any notices returned undeliverable. There were no objections or requests for exclusion received by the December 26, 2017 deadline. There were 10 claim forms which were returned and postmarked before the December 26, 2017 deadline. Upon this Court's approval, the "Participating Class" would consist of 10 individuals and each will receive $204.60.

## II. OVERVIEW OF THE LITIGATION AND SETTLEMENT

Plaintiff, filed a lawsuit, individually and on behalf of a class, in the United States District Court for the Northern District of Illinois, entitled *Derrick Garrett v. David M. Blaskovich, P.C., David Blaskovich, and Medical Business Bureau, LLC* Case No. 1:17-cv-0087 (the "Litigation"), alleging that Defendants violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692 *et. seq*. and the Illinois Interest Act (815 ILCS 205/2) based on a form collection letter sent to Plaintiff and the Class.

After all parties participated in a settlement conference with Magistrate Judge Maria Valdez on August 29, 2017, they were successful in reaching an agreement to settle the case on a class-wide basis. The parties' settlement agreement, including the Class Notice was preliminarily approved by the Court on October 5, 2017. (ECF No. 45). Class Notice was sent out to the 44 individuals identified as the Class on October 27, 2017. The deadline of December 26, 2017 for potential Class members to object, opt-in or return a completed claim form has passed. As demonstrated below, the parties' Agreement is now ripe for this Court's consideration and final approval.

## III. CLASS SETTLEMENT TERMS

The parties' agreement covers a settlement class of 44 persons, all of whom are (1) all persons similarly situated (2) with addresses in the State of Illinois (3) from whom Defendants attempted to collect a delinquent medical debt (4) upon which Defendants sent a letter substantially similar to that of Exhibit C of Plaintiff's Complaint (5) sent within one year of the filing of this Complaint to 28 days after, (6)which failed to indicate the current creditor to whom a debt is owed, or (6) attempted to collect interest, or (7) threatened to assess attorney fees, or (8)

included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt.

Defendants have agreed to provide the following relief to Plaintiff and the Class:

a. $2,000.00 to Plaintiff as damages, for his claims and as an incentive award for bringing the claims on behalf of the Class. This payment is subject to Court approval.

b. $2,046.00 to create a Class fund, which shall be distributed pro rata to all Class Members, who submitted a claim form within the designated timeframe.

c. $100.00 for costs associated with sending the notice under this class settlement and the costs of administering the class settlement.

If any of the settlement checks to the Class are not cashed by the Void Date, those funds will be donated, to Legal Assistance Foundation of Metropolitan Chicago (LAF) as a *cy pres* award, within thirty (30) days following the last Void Date of the settlement checks.

The agreement further provided that Defendants would pay Community Lawyers Group, Ltd. for their service as Class Counsel, $15,000 in attorneys' fees and $450 for costs, which includes the fees for filing and service of the summons. This payment is subject to the Court's approval. Plaintiff filed a Petition for Award of Attorneys' Fees and Costs on January 4, 2018 (ECF. No. 46) and requests approval of these amounts.

**IV.     THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT**

As demonstrated below, the settlement satisfies all the requirements of Fed. R. Civ. P. 23.

**A.     Rule 23(a)(1) - Numerosity.**

The first requirement under Rule 23(a) is that the putative class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "While there is no threshold or

3

magic number at which joinder is impracticable, a class of more than 40 members is generally believed to be sufficiently numerous for Rule 23 purposes." *Ringswald v. County of DuPage*, 196 F.R.D. 509, 512 (N.D. Ill. 2000). As determined through the parties' settlement discussions and initial discovery, there were 44 individuals who met the Class definition, and who were subsequently sent notice of the settlement, pursuant to the Court's preliminary approval order. The number of Class members in this case satisfies the numerosity requirement of Rule 23(a)(1).

  **B. Rule 23(a)(2) – Commonality.**

For a class to be certified, questions of law or fact must exist common to the class. Fed. R. Civ. P. 23(a)(2). The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992). Rule 23(a)(2) requires only that the class members share at least one question of fact or law in common. *See Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2556 (2011) ("We quite agree that for purposes of Rule 23(a)(2) even a single common question will do." (citation, internal quotation marks and alterations omitted)); *Walker v. Bankers Life & Cas. Co.*, 2007 WL 2903180, *4 (N.D. Ill. Oct. 1, 2007) ("Not all factual or legal questions raised in a lawsuit need be common so long as a single issue is common to all class members."). In the present case, the essential fact that links all members of the Class is that Defendants sent a form letter to members of the class in an attempt to collect on a defaulted consumer medical debt. Each of these letters are virtually identical, and thus contain precisely the same alleged violations of the FDCPA.

  **C. Rule 23(a)(3) – Typicality.**

Typicality is met where the claims of the class representatives and class members arise from the same practice or course of conduct and are based on the same legal theory. *Keele v.*

4

*Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993). A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. *Id.* Here, typicality is satisfied because the Class members were subjected to the same practices as Plaintiff, and thus suffered the same violation of the FDCPA that Plaintiff suffered. Namely, all members were sent a collection letter from Defendants which failed to indicate the current creditor to whom a debt is owed, attempted to collect interest, threatened to assess attorney fees, and/or included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt. Thus, Rule 23(a)(3) has been satisfied.

### D. Rule 23(a)(4) - Plaintiff and Class Counsel Will Fairly and Adequately Protect the Interests of the Class.

Rule 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class. In making this determination the Court considers: (1) whether the Plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the Plaintiff has any interests antagonistic to the class. *Retired Chicago Policy Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). First, Plaintiff's counsel is experienced in class action litigation. Class Counsel's Petition for, and Memorandum in support of Attorney Fees and Costs (ECF No. 46) sets forth Class Counsel's expertise in litigating these types of cases. (See Exhibits A-C to Fee Petition). Second, Plaintiff does not have antagonistic or conflicting claims to any class members. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.1992). Therefore,

Plaintiff Garrett and Class Counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

> **E. Rule 23(b)(3)- Common Questions Predominate Over Individual Issues and a Class Action is a Superior Method for Fair and Efficient Adjudication.**

To be certified, a proposed class must satisfy the requirements of Fed. R. of Civ. P. 23(a), as well as one of the three alternatives in Rule 23(b). *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir.2010). Here, class certification is appropriate under Rule 23(b)(3) where: (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. *Id. See also Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 618 (1997). Both of these requirements are satisfied in the present case.

In order for common questions of law or fact to predominate over individual issues for purposes of Rule 23(b)(3), common issues must constitute a significant part of the individual cases. *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059 (7th Cir. 2016). To begin this analysis, Courts focus on the cause of action and liability issues in deciding whether the predominance requirement is met. *Messner v. Northshore University HealthSystem*, 669 F.3d 802, 815 (C.A.7 (Ill.),2012). In the present case, a common issue relating to the lawfulness of Defendant's practice of using a form collection letter which failed to indicate the current creditor to whom a debt is owed, attempted to collect interest, threatened to assess attorney fees, and/or included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt, predominates over individual issues, if any as required by Rule 23(b)(3).

A class action is superior to other methods to resolve the claims presented in the action. In determining the superiority of the class action, the Court must consider the best available

method of resolving the controversy in keeping with the goal of judicial economy. The Court should consider the inability of uninformed class members to enforce their rights individually and the likelihood that class members would not have the initiative to litigate individually. *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974). Further consideration should be given where individual claims would be too small to litigate on an individual basis. *Phillips Petroleum Company v. Shutts*, 472 U.S. 797, 809, 105 S.Ct. 2965 (1985). Here, the maximum statutory recovery under the FDCPA is $1000 to a prevailing plaintiff. Pending approval by this Court, Participating Class Members will be receiving $204.60, approximately 20% of the full statutory damages available to them under the Act. Given the large number of individual lawsuits that would be required if class settlement is not approved, a class action is a superior method for fairly and efficiently adjudicating all of the claims presented in this action. To the extent that any Class Members wished to pursue any such individual claim, they were free to opt-out of the settlement under Rule 23(b)(3). In the present case, no Class members elected to exclude themselves from the settlement.

**F. Rule 23(e)- The Settlement is Fair, Reasonable, and Adequate.**

Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine whether Rule 23(e) has been satisfied by determining whether the settlement is fair, reasonable, and adequate. *General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). In making this determination, the Court considers the following factors in making this determination: (1) the strength of the plaintiff's case on the merits measured against the terms of the settlement; (2) the complexity, length, and expense of continued litigation; (3) the amount of opposition to the settlement among

class members; (4) the presence of collusion in gaining a settlement; (5) the stage of the proceedings; and (6) the amount of discovery completed. *Id*.

In measuring the terms of the Class Settlement against the strength of Plaintiff's case on the merits, the Court should consider the potential risks associated with further litigation. Plaintiff believes the merits of the case are strong. However, even assuming Plaintiff prevails on the issue of liability for all alleged violations of the FDCPA, Plaintiff's claims may still be barred by Defendants' bona fide error defense pursuant to 15 U.S.C. § 1692k(c). Further, the Class settlement contemplates the maximum statutory recovery available to Class members under the Act, based on Defendants' financial records. It is unlikely that Class members could recover more than what is provided by the settlement agreement if the case proceeds on the merits. Thus, the terms of the settlement are favorable compared to the potential risks of continuing litigation.

The second factor, the complexity, length and expense of continued litigation, and third factor, the amount of opposition to the settlement among class members, also weigh in favor of Class Settlement. If the case proceeds on the merits, the parties may need to conduct additional discovery and would eventually have to prepare for, and attend a jury trial. This will be very costly to the parties involved and will require Plaintiff and corporate representatives from each defendant to again appear in person before the Court. Therefore, the second factor weighs in favor of class settlement. Since no class members have excluded themselves from the Class Settlement, it is reasonable to concluded that the third factor weighs in favor of class settlement.

The fourth factor, presence of collusion in gaining settlement is not at issue here. The parties and their respective counsel attended and in-person settlement conference and reached a

class-wide settlement with the assistance of Magistrate Judge Valdez. Thus, there was no collusion involved in gaining settlement here, and the fourth factor weighs in favor of settlement.

Lastly, the fifth and sixth factors, the stage of the proceedings and the amount of discovery completed, support final approval of class settlement. This action was filed in January 5, 2017, over a year ago. Plaintiff propounded written discovery, drafted and filed a motion to certify the class, and prepared for and attended an in-person settlement conference with the court. Given the stage of proceedings and the investigation and discovery completed, the proposed settlement satisfied the last two factors.

### V. ATTORNEY FEES AND COSTS AND PLAINTIFF'S INCENTIVE AWARD ARE FAIR AND REASONABLE

Pursuant to the Preliminary Approval Order (ECF No. 45) entered on October 5, 2017, Plaintiff's counsel filed a Petition for, and Memorandum in Support of Award of Attorneys' Fees and Costs ("Fee Petition") on January 4, 2018. (ECF No. 46). Based on the parties' agreement, and subject to Court approval, Defendants will pay attorneys' fees and costs not to exceed $15,450.00. This amount includes $15,000 in attorneys' fees and reimbursement of $400.00 filing fee and $50.00 service fee. Class Counsel's fees and costs to date exceed $18,000. (See Fee Petition, ECF No. 46). As set forth in the Declarations of Class Counsel (Exhibits A-C to Fee Petition), Class Counsel includes experienced consumer protection attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter. For these reasons and those set forth in detail in Class Counsel's Fee Petition, Class' Counsel's request for $15,450.00 is fair and reasonable and should be granted by the Court.

Plaintiff further submits that his award of $2,000 for statutory damages and incentive award for participating as class representative is fair and reasonable and should be approved. A

9

named plaintiff is an "essential ingredient of any class action," and "an incentive award is appropriate if it is necessary to induce an individual to participate in the suit." *Cook v. Niedert*, 142 F. 3d 1004, 1016 (7th Cir. 1998). In deciding whether Plaintiff's incentive award is appropriate, relevant factors include (1) the actions the plaintiff has taken to protect the interests of the class; (2) the degree to which the class has benefited from those actions; and (3) the amount of time and effort the plaintiff expended in pursuing the litigation. *Id. See also Spicer v. Chicago Bd. Options Exchange, Inc.*, 844 F.Supp. 1226, 1267 (N.D.Ill.1993). Here, all factors are satisfied. Plaintiff Garrett brought this action individually and on behalf of all others in Illinois who received a substantially similar collection letter from Defendants during the relevant class period. All individuals identified as Class members were subjected to the same violations of the FDCPA by Defendants. Plaintiff Garrett participated in the case throughout the course of litigation, including preparing for and participating in the in-person settlement conference with Magistrate Judge Valdez. During the settlement conference, Plaintiff Garrett secured the maximum statutory recovery for class members. Each Participating Class Member will receive $204.60 as a result of Plaintiff's efforts. The amount of $2,000.00 for Plaintiff's statutory damages and incentive award is fair and reasonable.

## VI. CONCLUSION

For the reasons set forth above, and those set forth in Class Counsel's Petition for, and Memorandum in Support of Award of Attorneys' Fees and Costs (ECF No. 46), Plaintiff individually and on behalf of the Class, requests that this Court grant final approval of the Class Settlement Agreement.

                                            Respectfully submitted,

                                            /s/Celetha Chatman
                                            Celetha Chatman

Michael Wood
Celetha Chatman
Holly McCurdy
**Community Lawyers Group, Ltd.**
73 W Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fax: (312) 265-3227
cchatman@communitylawyersgroup.com

## **CERTIFICATE OF SERVICE**

      I, Celetha Chatman, hereby certify that on July 12, 2018, I caused to be filed the foregoing documents via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

    Robert J. Feldt
    David J. Beach
    Kirk D. Bagrowski
    EICHHORN & EICHHORN
    200 Russell Street
    P.O. Box 6328
    Hammond, IN 46325
    Email: rfeldt@eichhorn-law.com
    Email: dbeach@eichhorn-law.com
    Email: kbagrowski@eichhorn-law.com

                                                         /s/Celetha Chatman
                                                         Celetha Chatman