FINAIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK GARRETT, individually and on behalf of all others similarly situated, ) ) | Case No. 1:17-cv-00087 |
| Plaintiff, ) ) | Judge: Manish S. Shah |
| v. ) ) | Magistrate Judge Maria Valdez |
| DAVID M. BLASKOVICH, P.C. ) DAVID BLASKOVICH, and ) MEDICAL BUSINESS BUREAU, LLC, ) ) Defendants. ) | |

## FINAL APPROVAL ORDER

The Court, having considered the parties' request for Final Approval of the Class Settlement Agreement ("Agreement") between Derrick Garrett ("Plaintiff"), individually and as representative of the class of persons defined below ("Class"), and David M. Blaskovich, P.C., David Blaskovich, and Medical Business Bureau, LLC ("Defendants"), the Court orders and finds as follows:

1. On **October 5, 2017**, the Court preliminarily approved the Agreement on behalf of Plaintiff and a Class consisting of:

> (1) all persons similarly situated (2) with addresses in the State of Illinois (3) from whom Defendants attempted to collect a delinquent medical debt (4) upon which Defendants sent a letter substantially similar to that of Exhibit C (5) sent within one year of the filing of this Complaint to 28 days after, (6)which failed to indicate the current creditor to whom a debt is owed, or (6) attempted to collect interest, or (7) threatened to assess attorney fees, or (8) included any notice of a person's right to dispute a debt without disclosing that a written dispute is required in order to trigger Defendants' obligation to send verification of a debt.

2. The Court approved the parties' proposed Class Notice and directed it to be mailed to the last known address of the Class Members as shown in Defendants'

records on or before **October 27, 2017**. The Court is informed that the actual notice was sent by first class mail to approximately **44** class members by Class Counsel. There were no envelopes were returned by the U.S.P.S. as "undeliverable" with no forwarding address. **Ten (10)** members timely returned a claim form, **zero (0)** class members requested and exclusion, and **zero (0)** objections were filed or received.

3. On **January 18, 2018**, the Court held a fairness hearing to which class members, including any with objections, were invited. **Zero (0)** class members objected or requested exclusion from the settlement.

4. The Court finds that the provisions for notice to the class satisfy the requirements of Federal Rules of Civil Procedure 23 and due process.

5. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement.

6. Defendants have deposited $2,046 in Class Counsel's trust account which shall be distributed pro rata among Class Members who did not exclude themselves and who timely returned a claim form ("Participating Class Members").

7. Defendants have also delivered all money required under paragraph 8(b)-(d) of the Agreement as follows:

   a. $2,000.00 to Class Counsel for Plaintiff's statutory damages and as an incentive award for bringing his claims on behalf of the Class;

   b. $15,450.00 to Class Counsel for Attorney's Fees, and costs subject to approval by this Court; and

   c. $100 to Class Counsel for administrative costs.

8. Twenty-one (21) days after the Effective Date, as defined in the Settlement Agreement, Class Counsel will distribute all monies set forth in paragraph 8(a) to Participating Class Members. The checks shall be void after 60 days from the date of issuance.

9. Upon the Effective Date, the parties' grant the following Release:

   a. Plaintiff, Derrick Garrett including every one of his respective agents, representatives, attorneys, heirs, assigns, or any other person acting on his behalf or for his benefit, and any person claiming through him (collectively "Releasors"), release and discharge Defendants, its parent corporations, predecessors and successors in interest (excluding any original creditor to the alleged account) and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, heirs, attorneys, assigns, or entities for which said Defendants perform collection services (collectively, "Released Parties"), from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or otherwise, including, without limitation, those based on violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law, that were alleged or could have been alleged in the Litigation.

   b. Each member of the Class who does not opt out of the Class releases and discharges the Released Parties from any and all actual or potential claims, actions, causes of action, suits, counterclaims, cross claims, third party claims, contentions, allegations, and assertions of wrongdoing, and any demands for any and all debts, obligations, liabilities, damages (whether actual, compensatory, treble, punitive, exemplary, statutory, or otherwise), attorneys' fees, costs, expenses, restitution, disgorgement, injunctive relief, any other type of equitable, legal or statutory relief, any other benefits, or any penalties of any type whatever, whether known or unknown, suspected or unsuspected, contingent or noncontingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration or otherwise, and whether triable before a judge or jury or

3

        otherwise, including, without limitation, those based on violations of the FDCPA or any other state, federal, or local law, statute, regulation or common law that were alleged or could have been alleged in this Litigation.

10. The Court finds that the Agreement is fair and made in good faith.

11. If any settlement checks are not cashed by the Void Date, as defined in the Agreement, the Court approves the *cy pres* award to be delivered to Legal Assistance Foundation of Metropolitan Chicago.

12. The Court approves the attorneys' fees and costs of $15,450.00, which is paid in addition to the Class Fund.

13. The claims of Plaintiff and the Class are dismissed with prejudice and without costs, except for those costs paid pursuant to the Agreement.

        ENTERED:

        *[signature]*

        Manish S. Shah
        United States District Judge

        DATE: January 19, 2018